## Bamford Brothers v. Street Railways Employees

Before McNaugher, Ellenbogen and O'Toole, JJ.
*Prichard, Lawler, Malone & Geltz*, for plaintiff.
*Jason Richardson*, for defendants.

ELLENBOGEN, J., July 6, 1949.—This case comes before the court en banc on complaint in assumpsit and preliminary objections filed thereto.

The complaint alleges that defendants, "wrongfully, unjustly, unlawfully, and in violation of the terms of" their contract with plaintiffs ordered a strike, and seeks to recover damages for the same.

The complaint refers to article I, sec. 1, relating to arbitration, but fails to aver that defendants breached that article. That article is as follows:

"The Company agrees to meet and treat with the duly accredited officers and committees of the Association upon all questions arising between them, and should any question arise between them which cannot be mutually adjusted, the same shall be submitted at the request of either party to a Board of Arbitration, to be selected in the following manner."

It will be noted that questions in dispute must be submitted to arbitration "at the request of either party". The complaint fails to aver that plaintiffs requested that the matter in dispute be referred to arbitrators, and that defendants in violation of their contracts refused to do so.

A careful reading of the complaint also fails to disclose any other allegation that defendants violated other specific sections of the contract.

Reference must also be made to section 6 of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198. To meet the requirements of that act, plaintiffs should specifically *plead* the "actual participation in or actual authorization of" the acts complained of, or the "ratification of such acts after actual knowledge thereof by such association or organization". Plaintiffs failed to so aver.

The preliminary objections must be sustained.